Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| GEOVANNY ORTIZ PÉREZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | TA2025RA00071 | ***Revisión Administrativa***<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: 215-25-021<br><br><br>Sobre: Querella Disciplinaria |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de agosto de 2025.

El 25 de junio de 2025, el señor Geovanny Ortiz Pérez, miembro de la población correccional, presentó el recurso de revisión administrativa que nos ocupa. Relata ciertos incidentes relacionados a una querella en su contra y sobre la cual alega, se celebró una vista en la que estuvo representado por abogado. Al parecer, así expresamos, pues el escueto escrito de apenas dos páginas no contiene un señalamiento de error conforme el reglamento del Tribunal de Apelaciones, el recurrente entiende que el proceso de reconsideración se ha dilatado en su contra para entorpecer los procesos en su contra. Tampoco acompaña con su escrito documento alguno que nos permita evaluar nuestra jurisdicción para atender los méritos de su reclamación.

**I**

El Tribunal de Apelaciones revisará, como cuestión de derecho, las decisiones finales de los organismos y agencias

administrativas. La revisión como cuestión de derecho de estas determinaciones administrativas han de llevarse a cabo de conformidad con las disposiciones de la Ley de 38-2017, conocida como "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003". 4 LPRA § 24 u.

Ahora bien, el derecho a que el Tribunal de Apelaciones revise la determinación administrativa final está sujeto a limitaciones legales y reglamentarias, y su correcto perfeccionamiento. Reiteradamente, el Tribunal Supremo de Puerto Rico ha resuelto que "las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." *Freire Ruiz et al v. Morales, Hernandez*, 2024 TSPR 129, 215 ___; *Isleta, LLC v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

No obstante, las disposiciones reglamentarias han de interpretarse con el objetivo de propiciar un sistema de justicia accesible a la ciudadanía, donde las controversias se atiendan en los méritos, evitando en la medida que sea posible, desestimar recursos por defectos de forma o notificación que no afecten los derechos de las partes." *Isleta, LLC v. Inversiones Isleta Marina, Inc.*, supra.

El Tribunal Supremo de Puerto Rico adoptó el Reglamento del Tribunal de Apelaciones,[3] en adelante el Reglamento, precepto que contiene las reglas internas que regirán los procedimientos y la organización del Tribunal de Apelaciones. 4 LPRA § 24w.

La Regla 59 del Reglamento dispone, en lo pertinente, sobre el contenido del recurso.

El escrito de revisión contendrá:

...

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

**(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión**. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

**(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.** (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(Énfasis nuestro). 4 LPRA Ap. XXII-B, R. 59.

Por su parte, la Regla 57 del Reglamento dispone que la parte recurrente cuenta con un término jurisdiccional para acudir en revisión ante este Tribunal. En particular la regla expresa que:

El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley

especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

4 LPRA Ap. XXII-B, R. 57.

Como adelantáramos, el Tribunal Supremo ha exigido el cumplimiento fiel y estricto del Reglamento del Tribunal de Apelaciones, ya que no puede quedar al arbitrio de los abogados ni las partes, decidir qué disposiciones reglamentarias deben acatarse y cuándo. *Soto Pino v. Uno Radio Group*, supra. Como Tribunal de Apelaciones, debemos asegurarnos de tener ante nuestra consideración, todos los elementos de juicio necesarios para cumplir con nuestra función revisora y emitir la correspondiente decisión judicial. *Pueblo v. Moreno Valentín,* 168 DPR 233, 240-241 (2006).

## II

Aunque en ocasiones hemos sido laxos al acoger recursos en los cuales la parte que comparece por derecho propio no ha cumplido estrictamente con el reglamento de este tribunal, con el propósito de ofrecer acceso fácil, y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos, ese no es caso ante nuestra consideración. En esta ocasión, no podemos tan siquiera precisar la controversia, mucho menos dirimir jurisdicción.

La exigencia de que el escrito de apelación contenga un señalamiento de error y su discusión no es un mero preciosismo inconsecuente. Es en la discusión del error donde se enmarca la actuación alegadamente errónea del foro primario cuya revocación se ha solicitado, a la luz de los hechos y del derecho aplicable. Es lo que se ha denominado "el corazón" de la apelación o "la artillería pesada". *Morán Ríos v. Martí,* 165 DPR 356, 369 (2005).

El caso que nos ocupa no contiene un señalamiento de error, tampoco una discusión que nos señale qué disposición de su

reglamentación incumplió el Departamento de Corrección y Rehabilitación y los fundamentos para así señalarlo. La falta del recurrente no es un requisito de forma que, este tribunal puede obviar, en aras de evitar las desestimaciones de los recursos y que estos se vean en los méritos. Es precisamente la inhabilidad de atender el recurso en sus méritos lo que nos imposibilita atenderlo, toda vez que no se nos han presentado tan siquiera un señalamiento de error. Además, no acompaña con su escrito un solo documento que haga referencia a la decisión, reglamento o providencia administrativa cuya revisión solicita y que nos permita evaluar si cumplió con los términos para presentar el recurso de revisión.

**III**

Por todo lo cual, se desestima el recurso de revisión judicial presentado por falta de jurisdicción ante el incumplimiento con los requisitos del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones